UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 1:22-CR-11 (RJL) |
| : | |
| ALAN FISCHER III, : | |
| BRIAN BOELE, et al. : | |
| : | |
| **Defendants.** : | |

### RESPONSE TO DEFENDANT'S MOTION TO "SET TIME FOR TRANSFER OF VENUE MOTION"

On June 28, 2023, this Court issued a Minute Order stating that "all defendants shall file their pre-trial motions on or before July 24, 2023." *Id.*; *see also* ECF No. 118. The Court's order contains no ambiguity. It does not distinguish between motions under Fed. R. Crim. P. 12 ("Rule 12") or any other rule, including Rule 21 ("Transfer for Trial"). Yet defendants Fischer and Boele now argue otherwise and seek an extension until October 11, 2023 to file a motion to change venue. *See* ECF No. 120.

By definition, a motion to change the trial venue is a "pre-trial motion" and thus is covered by the Court's Minute Order of June 28, 2023 setting today as the deadline for "pre-trial motions." *Id.* Moreover, defendant Fischer has already had over a year and a half to file pre-trial motions, including a motion to change venue, *see* ECF Nos. 11, 32, and defendant Boele has had over a year, *see* ECF No. 54. The Court originally set the pre-trial motions deadline as June 30, 2023, *see* Minute Order March 29, 2023, and has extended that deadline once already at the defense's request, *see* ECF No. 118, Minute Order June 28, 2023. Enough is enough.

Additionally, at this point in the history of January 6 prosecutions, a change of venue motion borders on frivolous. This Court and eighteen other judges in this District (i.e. all but

Judges Reyes and Sullivan) have considered and denied motions for change of venue in dozens of January 6 prosecutions, and no judge has granted a change of venue in a January 6 case. *See, e.g., United States v. Maxwell*, 22-cr-99, Minute Entry (D.D.C. June 15, 2023) (RJL); *United States v. Wren*, Minute Entry (D.D.C. April 11, 2023) (RBW); *United States v. Ramey*, 22-cr-184, Minute Entry (D.D.C. Jan. 30, 2023) (DLF); *United States v. Eckerman, et al.*, No. 21-cr-623, Minute Order (D.D.C. Jan. 26, 2023) (CRC); *United States v. Pollock, et al.*, No. 21-cr-447, Minute Entry (D.D.C. Jan. 25, 2023) (CJN); *United States v. Gossjankowski*, No. 21-cr-12, ECF No. 114 (D.D.C. Jan. 25, 2023) (PLF); *United States v. Adams*, No. 21-cr-212, ECF No. 60 (D.D.C. Jan. 24, 2023) (ABJ); *United States v. Rhine*, No. 21-cr-687, ECF No. 78 (D.D.C. Jan. 24, 2023) (RC); *United States v. Oliveras*, No. 21-cr-738, ECF No. 52 (D.D.C. Jan. 17, 2023) (BAH); *United States v. Sheppard*, No. 21-cr-203, ECF No. 62 (D.D.C. Dec. 28, 2022) (JDB); *United States v. Samsel, et al.*, No. 21-cr-537, ECF No. 227 (D.D.C. Dec. 14, 2022) (JMC); *United States v. Gillespie,* No. 22-cr-60, ECF No. 41 (D.D.C. Nov. 29, 2022) (BAH); *United States v. Barnett*, No. 21-cr-38, ECF No. 90 (D.D.C. Nov. 23, 2022) (CRC); *United States v. Bender, et al.*, No. 21-cr-508, ECF No. 78 (D.D.C. Nov. 22, 2022) (BAH); *United States v. Sandoval*, No. 21-cr-195, ECF No. 88 (D.D.C. Nov. 18, 2022) (TFH); *United States v. Vargas Santos*, No. 21-cr-47, Minute Entry (D.D.C. Nov. 16, 2022) (RDM); *United States v. Nordean, et al.*, No. 21-cr-175, ECF No. 531 (D.D.C. Nov. 9, 2022) (TJK); *United States v. Ballenger*, No. 21-719, ECF. No. 75 (D.D.C. Oct. 28, 2022) (JEB); *United States v. Eicher*, No. 22-cr-38, ECF No. 34 (D.D.C. Oct. 20, 2022) (CKK); *United States v. Schwartz, et al.*, No. 21-cr-178, ECF No. 142 (D.D.C. Oct. 11, 2022) (APM); *United States v. Nassif*, No. 21-cr-421, ECF No. 42 (D.D.C. Sep. 12, 2022) (JDB); *United States v. Brock*, No. 21-cr-140, ECF No. 58 (D.D.C. Aug. 31, 2022) (JDB); *United States v. Jensen*, No. 21-cr-6, Minute

Entry (D.D.C. Aug. 26, 2022) (TJK); *United States v. Seitz*, No. 21-cr-279, Minute Order (D.D.C. Aug. 17, 2022) (DLF); *United States v. Strand*, No. 21-cr-85, ECF No. 89 (D.D.C. Aug. 17, 2022) (CRC); *United States v. Williams*, No. 21-cr-618, ECF No. 63 (D.D.C. Aug. 12, 2022) (ABJ); *United States v. Herrera*, No. 21-cr-619, ECF No. 54 (D.D.C. August 4, 2022) (BAH); *United States v. Garcia*, No. 21-cr-129, ECF No. 83 (D.D.C. July 22, 2022) (ABJ); *United States v. Rusyn, et al.*, No. 21-cr-303, Minute Entry (D.D.C. July 21, 2022) (ABJ); *United States v. Bledsoe*, No. 21-cr-204, Minute Order (D.D.C. July 15, 2022) (BAH); *United States v. Calhoun*, No. 21-cr-116, Minute Order (D.D.C. July 11, 2022) (DLF); *United States v. Rhodes, et al.*, No. 22-cr-15, ECF No. 176 (D.D.C. June 28, 2022) (APM); *United States v. Williams*, No. 21-cr-377, Minute Entry (D.D.C. June 10, 2022) (BAH); *United States v. McHugh*, No. 21-cr-453, Minute Entry (D.D.C. May 4, 2022) (JDB); *United States v. Hale-Cusanelli*, No. 21-cr-37, Minute Entry (D.D.C. Apr. 29, 2022) (TNM); *United States v. Webster*, No. 21-cr-208, ECF No. 78 (D.D.C. Apr. 18, 2022) (APM); *United States v. Alford*, 21-cr-263, ECF No. 46 (D.D.C. Apr. 18, 2022) (TSC); *United States v. Brooks*, No. 21-cr-503, ECF No. 31 (D.D.C. Jan. 24, 2022) (RCL); *United States v. Bochene*, No. 21-cr-418, ECF No. 31 (D.D.C. Jan. 12, 2022) (RDM); *United States v. Fitzsimons*, No. 21-cr-158, Minute Order (D.D.C. Dec. 14, 2021) (RC); *United States v. Reffitt*, No. 21-cr-32, Minute Order (D.D.C. Oct. 15, 2021) (DLF); *United States v. Caldwell*, 21-cr-28, ECF No. 415 (D.D.C. Sept. 14, 2021) (APM). Other than seeking three months' more time "for data collection, analysis, and multi-layered review" of vague "technology and analysis that shows January 6th internet searches and case exposure in D.C. compared to other states and cities" under the unsupported theory that "exposure portends bias," ECF No. 120 at 2-3, defendants' motion fails to articulate how an additional three month extension will yield a different outcome. This dead

3

horse has been sufficiently beaten.

The defendant relies on *Skilling v. United States*, 561 U.S. 358 (2010), yet even there the Supreme Court <u>affirmed</u> the trial court's denial of the defense motion to transfer venue. *Id.* The Supreme Court held that Skilling rightfully was tried in the venue where his crimes were committed (Houston, Texas) and that he received a fair trial, despite the concerns of juror prejudice that Skilling highlighted. *Id.* at 385. *Skilling* provides scant support to extend the pre-trial motions deadline at all, let alone by almost three more months.

WHEREFORE, the government respectfully requests that this Court deny the defendant's motion and reaffirm that the deadline for all pre-trial motions, including change of venue, is today, June 24, 2023.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
601 D Street, N.W.
Washington, D.C. 20530
(813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Pennsylvania State Bar No. 320922
601 D St., NW
Washington, D.C. 20530
(202) 252-7012
rebekah.lederer@usdoj.gov