IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                        Case No.: 1:22-cr-00011-RJL-5

JAMES BRETT.

_____/

## MOTION TO SEVER

COMES NOW, James Brett, via undersigned counsel, and files this Motion to Sever from his co-defendants (Rajewski and Fischer) pursuant to Fed.R.Crim.P. 8(b); Fed.R.Crim.P. 12(b)(3)(B)(iv) and Fed.R.Crim.P. 14, and requests this Court sever his case from that of the co-defendants, and as grounds states as follows:

James Brett was charged via a Second Superseding Indictment on May 25th, 2022 (ECF #54) and arrested via warrant on June 3rd, 2022 (ECF #60). James Brett has been charged with Civil Disorder 18 U.S.C. 231(a)(3)and 2; Entering and Remaining in a Restricted Building or Grounds 18 U.S.C. 1752(a)(1) and 2; Disorderly and Disruptive Conduct in a Restricted Building or Ground 18 U.S.C. 1752(a)(2) and 2; and Disorderly Conduct in the capitol Grounds or Buildings Title 40 U.S.C. 5104(e)(2)(D) and 2).

James Brett traveled by plane to Washington DC. James Brett did not travel to DC with any of the co-defendants. James Brett did not travel to DC with any intent to cause disruption at the Capitol, rather, he was one of over a million Americans attending a permitted, political rally. Then President Trump spoke at the rally held at the Ellipse park on January 6th, 2021. Mr. Brett along with many others proceeded to walk to the Capitol.

In this case, there are no conspiracy counts, seditious or otherwise included in the Second Superseding Indictment forming any legal basis for joinder of the Defendants. James Brett specifically seeks to sever from co-defendants Rajewski and Fischer as both Rajewski and Fischer have been charged with carrying deadly weapons and alleged to have used deadly weapons. Mr. Brett should not be tried together with Rajewski and Fischer charged with use of deadly weapons, as the testimony of witnesses and evidence would most certainly have a spill-over effect before a jury which is unavoidable.

Moreover and importantly, Mr. Brett, withdrew from any further involvement at the Capitol (at or near the tunnel) and left. Mr. Brett did not remain at the Capitol building and did not engage with law enforcement. Importantly, Mr. Brett left the Capitol as the co-defendants remained at the Capitol.

### **Applicable Law**

Rule 8(b) of the Federal Rules of Criminal Procedure states that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." However, Rule 14 of the Federal Rules of Criminal Procedure permits the Court to grant a severance of defendants if "it appears that a defendant or the government is prejudiced by a joinder." Rule 14 provides that joinder, even when proper under Rule 8(b), may prejudice Government or a Defendant:

> "[i]f it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial

> together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

Courts of Appeals have also found that, in interpreting Rule 14, "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some circumstances as to mandate severance. *See, e.g.*, *United States v. Benton,* 852 F.2d 1456, 1469 (CA6), cert. denied, 488 *United States* 993, 109 S.Ct. 555, 102 L.Ed.2d 582 (1988); *United States v. Smith*, 788 F.2d 663, 668 (CA10 1986); *Keck*, supra, at 765; *United States v. Magdaniel-Mora*, 746 F.2d 715, 718 (CA11 1984); *United States v. Berkowitz*, 662 F.2d 1127, 1133-1134 (CA5 1981); *United States v. Haldeman,* 181 *United States* App.D.C. 254, 294-295, 559 F.2d 31, 71-72 (1976), cert. denied, 431 *United States* 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977).

Mr. Brett's rights would be jeopardize without a severance under Rule 14. Without a severance the jury would be prevented from making a reliable judgment about guilt or innocence as Mr. Brett did not allegedly have or allegedly use against law enforcement any deadly weapons. *United States v. Zafiro*, 506 at 539, 113 S.Ct. 933.

The disadvantage Mr. Brett would have at trial, without a severance, is a disadvantage that jury instructions cannot cure or remedy. The charges against co-defendants Rajewski and Fischer are far more damaging than those of Mr. Brett. There

exists a high potential of a spillover effect at trial that would deprive Mr. Brett of a fair trial. *United States v. Tarantino*, 846 F.2d 1384, 1398-99 (U.S.App. D.C.).

The amount of evidence arising from charges including assaults with deadly weapons is far more damaging and highly prejudicial to Mr. Brett and would deprive Mr. Brett of a fair trial. *Id.* There is a high risk that the cumulation of evidence against Rajewski and Fischer may, in fact, lead a jury to be confused or prejudiced in assessing the evidence against a particular defendant, including Mr. Brett. *United States v. Butler*, 822 F.2d 1191, 1194 (U.S.App. D.C.1987).

Albeit, the Court has discretion in granting or denying a severance, certain situations call for mandatory severance "where the failure to sever denies the defendant a fair trial." *United States v. Wright*, 783 F.2d 1091, 1095 (U.S.App.D.C.1986). Importantly, severance is sound when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States* 113 S.Ct. 933 (1993)

Pursuant to Rule 14"[i]f the joinder of offenses ... appears to prejudice a defendant ... the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). Justice requires severance in this case, Defendant would be prejudiced if a severance is not granted. A

joint trial in this matter would create a serious risk that the jury would be prevented from making a reliable judgment about guilt or innocence.

## Conclusion

Mr. Brett should be allowed to stand trial without co-defendants Rajewski and Fischer so as to avoid any denial of Mr. Brett's rights, to avoid confusing the jury, to avoid the jury not having the ability to make a reliable judgment about guilt or innocence. Mr. Brett is not alleged to have carried and/or used any deadly weapon and it is not alleged that Mr. Brett assaulted any law enforcement officer with a deadly weapon.

This Court should grant a severance from co-defendants Rajewski and Fischer so as to preserve Mr. Brett's rights and prevent a most certain spillover effect prejudicing Mr. Brett before a jury of which jury instructions cannot cure or remedy. Mr. Brett should be allowed to stand trial without co-defendants Rajewski and Fischer.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Sever has been furnished via Electronic Filing to Michael Moore AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties on the service list on this 24th day of July, 2023.

*/S/ Maria T. Rodriguez*

---

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 0168180 / District of Columbia
Email: attorneymariar@aol.com