UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Case No. 22-cr-11 (RJL) |
| JAMES BRETT IV, | ) |
| | ) |
| Defendant. | ) |

**ORAL VERDICT**
November 19, 2024

Defendant James Brett was charged with committing four offenses relating to his conduct at the U.S. Capitol on January 6, 2021. Mr. Brett pled guilty to the three misdemeanors on the first day of trial. After a bench trial on the one remaining felony offense—Count One of the Second Superseding Indictment—the Court reaches the following verdict, relying only on evidence and testimony admitted at trial, as well as the parties' stipulations. The verdict is based on the entirety of the record.

**I.   COUNT ONE**

Count One of the Second Superseding Indictment charges Mr. Brett with civil disorder, in violation of 18 U.S.C. § 231(a)(3). For him to be guilty of that offense, the Government must prove, beyond a reasonable doubt,

(1) that the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;

(2) that, at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

(3) that the civil disorder in any way or degree obstructed, delayed, or adversely

affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

As to the first element, the Court finds, beyond a reasonable doubt, that Mr. Brett knowingly committed an act intending to obstruct, impede, or interfere with law enforcement officers. The evidence is clear regarding Mr. Brett's movements toward and on the U.S. Capitol grounds on January 6, 2021. On the morning of January 6, Mr. Brett gathered with a large group of demonstrators near the Washington Monument and marched toward the U.S. Capitol grounds. As he progressed closer to the U.S. Capitol building, Mr. Brett and others overran a line of barricades being manned by police officers in order to advance further into restricted areas and watched as another rioter threw a piece of fencing at police officers. Mr. Brett then went to the Lower West Terrace Tunnel, in which police officers were attempting to hold a line and prevent rioters from entering the U.S. Capitol building. Mr. Brett entered the Tunnel at approximately 3:15 p.m. and repeatedly engaged in the mob's collective, synchronized effort to shove past police officers by pushing on the backs of rioters in front of him. At about 3:16 p.m., Mr. Brett paused, looked at the line of police officers, some of whom were spraying pepper spray at the rioters, raised his middle finger, and shouted an obscenity at the police officers. He then rejoined the synchronized pushing by other rioters who were attempting to overcome the police line. The Court therefore finds that Mr. Brett's acts and movements that day were not made "through ignorance, mistake, or accident," but rather with full awareness that they would obstruct, impede, or interfere with the police's efforts to prevent rioters' entry into the U.S. Capitol. The Court additionally finds that Mr. Brett's participation in the synchronized shoving of police

2

officers was done with the "intended purpose" of obstructing, impeding, or interfering with the police's mandate to protect the U.S. Capitol and its inhabitants and clear the grounds of all demonstrators. As such, the Court finds the first element of civil disorder is satisfied beyond a reasonable doubt in Mr. Brett's case.

As to the second element, the Court finds, beyond a reasonable doubt, that at the time of Mr. Brett's acts, the Metropolitan Police Department and U.S. Capitol Police officers were engaged in the lawful performance of their official duties incident to and during a civil disorder: They were protecting the U.S. Capitol and the elected officials and staff therein from an obvious public disturbance brought on by thousands of rioters, many of whom turned violent and caused damage to the U.S. Capitol and injury to many officers and individuals.

Finally, as to the third element, the Court finds, beyond a reasonable doubt, that the civil disturbance adversely affected commerce in that it forced a nearby business, Safeway, to close early and lose out on sales it would have otherwise realized, and that the civil disturbance adversely affected a federally protected function, as the parties' stipulations establish that the certification of the Electoral College vote was disrupted and delayed by the civil disturbance.

Accordingly, the Court finds Mr. Brett GUILTY of Count One, civil disorder.

_____
RICHARD J. LEON
United States District Judge